IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUMA RIAZ; and HUZAISH MEAT MART, | : | No. 3:25cv1073 |
| Plaintiffs | : | |
| v. | : | (Judge Munley) |
| | : | (Magistrate Judge Schwab) |
| UNITED STATES DEPARTMENT OF AGRICULTURE; and SNAP, | : | |
| Defendants | : | |

## MEMORANDUM ORDER

Before the court is a Report and Recommendation ("R&R") from United States Magistrate Judge Susan E. Schwab regarding Plaintiffs Huma Riaz and Huzaish Meat Mart's complaint. (Doc. 7).

On June 23, 2025, Magistrate Judge Schwab ordered the plaintiffs to serve the summons and complaint on the defendants within ninety (90) days of filing the complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. 5). Plaintiffs did not comply with Magistrate Judge Schwab's order. (Doc. 7 at 1).

Thereafter, on December 3, 2025, Magistrate Judge Schwab ordered plaintiffs to show cause on or before January 2, 2026, and explain why this action should not be dismissed for failure to properly serve the defendants. (Doc. 6). Plaintiffs never responded. Further, defendants have neither entered an appearance nor filed a response. Accordingly, the R&R recommends that

plaintiffs' action be dismissed without prejudice for failure to effect proper service on defendants.

Pursuant to the Rules of Court for the Middle District of Pennsylvania, plaintiffs had fourteen (14) days to object to the R&R. M.D. PA. L.R. 72.3. No objections to the R&R have been filed and the time for such filing has passed.

In deciding whether to adopt an R&R when no timely objections are filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After careful review, the court thus finds neither clear error on the face of the record nor a manifest injustice in Magistrate Judge Schwab's analysis. A plaintiff must serve a defendant within ninety (90) days after the complaint is filed—here, on or before September 12, 2025. See FED. R. CIV. P. 4(m). A plaintiff must also prove service by affidavit. FED. R. CIV. P. 4 (l)(1). Plaintiffs had ample time to comply with the Federal Rules of Civil Procedure and Magistrate Judge Schwab's order. Moreover, plaintiffs could have sought an extension of time or offered an explanation for the delay. But they did not.

If a plaintiff fails to prosecute a case or comply with court orders, district court judges are empowered to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) and its own inherent authority to manage the docket for the orderly and expeditious disposition of cases. See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31(1962)). Decisions regarding dismissal of actions on these grounds rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Such discretion is regulated by the required balancing of several factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

First, courts "should gauge a party's knowledge before dismissing the case[.]" United States v. Brace, 1 F.4th 137, 144 (3d Cir. 2021). Here, plaintiffs proceed *pro se*. They are personally responsible for not prosecuting their claims or serving the defendants. This factor weighs in favor of dismissal.

Regarding the second Poulis factor, there is no prejudice to the defendants as it appears that they were never served. This factor weighs against dismissal. But "there is no magic formula or mechanical calculation with regard to the Poulis analysis. In fact, no single Poulis factor is dispositive, and... not all of the Poulis factors need be satisfied in order to dismiss a complaint." In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013) (citations, quotation marks, and brackets omitted).

The third Poulis factor considers a history of dilatoriness, and the fourth Poulis factor considers whether plaintiffs' conduct was willful or in bad faith. Here, despite being advised that service was required within ninety (90) days of filing the complaint, plaintiffs failed to submit proof of service by the court-imposed deadline. Plaintiffs were also afforded a full month to show cause why this action should not be dismissed for failure to properly serve the defendants. Yet plaintiffs did not comply with Magistrate Judge Schwab's second order. As a result, this action cannot proceed. By disobeying Magistrate Judge Schwab's orders, plaintiffs have stopped this case in its tracks. Such conduct reflects dilatoriness and willfulness and supports dismissal of this action.

As for the availability of alternative sanctions, the fifth Poulis factor, plaintiffs are *pro se* litigants. Fines or other monetary sanctions would not be effective in this case. The only sanction available to the court is dismissal.

Meritoriousness is the sixth and final <u>Poulis</u> consideration, and it is of paramount importance. See <u>Knoll v. City of Allentown</u>, 707 F.3d 406, 409 (3d Cir. 2013). "A claim...will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff[.]" <u>Poulis</u>, 747 F.2d at 869–70. Addressing this factor at this juncture is unnecessary viewing plaintiffs' failure to comply with the Federal Rules of Civil Procedure. As detailed above, rather than attempt to move this case forward for consideration on its merits, plaintiffs have taken a different approach. Because plaintiffs have failed to prosecute this action for more than seven months since filing the complaint, dismissal without prejudice is warranted. Therefore, the court will accept the R&R and adopt it in its entirety.

It is thus hereby **ORDERED** as follows:

1) The R&R, (Doc. 7), is **ADOPTED**;

2) Plaintiffs' complaint, (Doc. 1), is **DISMISSED** without prejudice; and

3) The Clerk of Court is directed to **CLOSE** this case.

Date: 1/29/26

JUDGE JULIA K. MUNLEY
United States District Court

5